15-438-cr
U.S. v. Morales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of April, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                   *Appellee*,

             v.                                                    15-438-cr

HECTOR MORALES, AKA SEALED DEFENDANT #1, AKA BOO,

                   *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     James M. Branden, New York, N.Y.

Appearing for Appellee:     Steven D. Clymer, Assistant United States Attorney, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Hector Morales appeals from the February 4, 2015 judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*), imposing a sentence of principally 360 months imprisonment and 20 years of supervised release. Morales challenges the sufficiency of the evidence supporting the jury's quantity determination that he was responsible for 280 grams or more of cocaine base ("crack") under 28 U.S.C. § 841(b)(1)(A). We assume the parties' familiarity with the remaining underlying facts, procedural history, and specification of issues for review.

"We review sufficiency of evidence determinations de novo." *United States v. Leslie*, 103 F.3d 1093, 1100 (2d Cir. 1997). In doing so, we ask

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal quotation marks and citation omitted). "Put another way, a court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Barret*, 848 F.3d 524, 534 (2d Cir. 2017) (quoting *United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006)). We have previously described this standard of review as "exceedingly deferential." *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008).

There was sufficient evidence for a rational jury to determine beyond a reasonable doubt that Morales was guilty of participating in a conspiracy involving 280 grams or more of crack. The evidence at trial included testimony from a cooperating government witness regarding Morales' personal involvement with 150 grams of crack, as well as audio recording of Morales himself bragging to a government informant about his many drug sales, with quantity specifications ranging from "100, 200 grams" as an estimate of his usual sale in Plattsburgh, to a specific statement of having sold 90 grams just prior to one phone conversation. These quantities referred only to "grams" and did not distinguish whether Morales was referring to powder or crack cocaine, but the specific evidence regarding the 150 grams of crack indicated that his modus operandi was to "cook" half the powder cocaine into crack. A rational juror could apply that pattern to the numbers Morales specified and determine that over the course of the relevant period he was responsible for 280 grams or more of crack.

We have considered the remainder of Morales' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk